GARY HARRE, ESQ. (BAR NO. 86938)
GLOBAL CAPITAL LAW, P.C.
17111 BEACH BLVD, STE 100
HUNTINGTON BEACH, CA 92647
TELEPHONE: (714) 907-4182
EMAIL: GHCMECF@GMAIL.COM

ATTORNEY FOR DEBTOR, MILTON QUACH

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>  MILTON QUACH<br><br>          Debtor,<br><br>MILTON QUACH, an Individual;<br><br>          Plaintiff,<br><br>-vs.-<br><br>CHASE HOME FINANCE LLC; and all entities claiming ownership of the Promissory Note that secured by the Deed of Trust; and DOES 1-100, Inclusive;<br><br>          Defendants. | **Case No. 8:10-BK-22386-TA**<br><br>**ADVERSARY PROCEEDING**<br><br>**ADV. NO. _____**<br><br>**COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM, TILA VIOLATION, QUIET TILE, AND INJUNCTIVE RELIEF.** |

COMES NOW debtor MILTON QUACH herein, ("Plaintiff"), and respectfully allege the following:

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1. This adversary proceeding is brought pursuant to 11 U.S.C. §506 and Federal Rule of Bankruptcy Procedure 7001.

2. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151, 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §1409.

3.  This adversary proceeding is a core proceeding as defined at 28 U.S.C. §157(b)(2)(b) and (b)(2)(K) in that it is an action to determine the nature, extent and validity of a lien on property evidenced by a deed of trust, and the allowance or disallowance of a claim. To the extent this proceeding is determined to be a non-core proceeding, Plaintiff consents to the entry of final orders or judgment by the bankruptcy court.

4.  Plaintiff is and at all times mentioned herein is the owner and purchaser of real property known as <u>13021 Monroe Street, Garden Grove, CA 92841</u> (hereinafter referred to as "SUBJECT PROPERTY" and more particularly described as:

> **PARCEL 2 AS SHOWN ON A MAP ON EXHIBIT "B" ATTACHED TO LOT LINE ADJUSTMENT LLA-1001, IN THE CITY OF GARDEN GROVE, COUNTY OF ORANGE, STATE OF CALIFORNIA AS INSTRUMENT NO. 20010291323 OF OFFICIAL RECORDS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. A.P.N. 097-011-48.**

5.  Plaintiff is informed and believes that defendant CHASE HOME FINANCE LLC (hereinafter referred to as "CHASE") is at all times a corporation conducting business in the State of California.

6.  The Defendants herein named as "all entities claiming ownership of the Promissory Note that secured by the Deed of Trust" (hereinafter referred to as "the unknown defendants") are unknown to Plaintiff. These unknown Defendants, and each of them, claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to Plaintiff' title; and their claims, and each of them, constitute a cloud on Plaintiff's title to that property.

7.  Plaintiff is informed and believe and thereon allege that at all times mentioned herein, Defendants DOES 1 through 50 inclusive, were the agents and/or employees of CHASE and in doing the things herein alleged were acting in

the course and scope of such agency and/or employment and with the permission and consent of this defendant.

8.  On or about November 3, 2010, CHASE filed a Proof of Claim ("POC"), Claim 9, in this Bankruptcy Case, asserting a claim against Plaintiff in the sum of $354,079.79, and further asserting that said claim is secured by a lien against real property belonging to Plaintiff located at <u>13021 Monroe Street, Garden Grove, CA 92841</u>, which is Plaintiff'S' residence (hereinafter "the Property"). CHASE attached a copy of a deed of trust ("DOT") in the amount of $355,000.00 in favor of Lender, ALLIANCE MORTGAGE COMPANY dba BNY MORTGAGE ("ALLIANCE"), a Limited Liability Corporation organized and existing under the laws of California. Such DOT was recorded on or about March 20, 2003, in the Orange County Recorder's Office as Document Number 20030000302472.

9.  As set forth POC filed by CHASE, it asserts that it holds a claim against Plaintiff in the sum of $355,000.00, as evidenced by the Promissory Note in favor of ALLIANCE.

10.  Such Promissory Note contained an endorsement by ALLIANCE to U.S. BANK N.A. ("US BANK") as Custodian/Trustee. Such endorsement is not dated and unknown. Subsequently, US Bank endorsed the promissory note in blank and undated.

11.  In this case, foreclosure has been filed, the entity filing the foreclosure has no pecuniary in the mortgage loan. The foreclosing entity is a third party. The entity lacks standing and the capacity to foreclose. The entity has no first hand knowledge of the loan, no authority to testify or file affidavits as to the validity of the loan documents or the existence of the loan. The entity has no legal authority to draft mortgage assignments relating to the loan. The foreclosing entity and its agents regularly commit perjury in relation to their testimony.

12. Plaintiff is informed and believe and thereon allege that Alliance, the "Lender", on the original Promissory Note was not the lender. The originators of the loan, Alliance, immediately and simultaneously securitized the note. The beneficial interest in the note was never in the lender.

13. Here, the Note and Mortgage were severed or bifurcated when the deed of trust was fraudulently assigned to CHASE. CHASE never loaned any money to the Plaintiff. ALLIANCE originally held the mortgage and there is no mortgage assignment from ALLIANCE to CHASE or any other entity as reflected in the endorsements of the Promissory Note.

**FIRST CLAIM FOR RELIEF**
**[Declaratory Relief to Determine an Interest in Property]**
**[F.R.B.P 7001(2) and 7001(9)]**

14. Plaintiff realleges and incorporate the allegations contained in paragraphs 1 through 13, inclusive, as though set forth at length herein.

15. Plaintiff allege that he hold an interest in the Property free and clear of any interest of defendants, in that the lien evidenced by the Deed of Trust has no value since it is wholly unsecured, and that accordingly, the Deed of Trust is null and void.

16. Plaintiff is informed and believes that Defendants allege that the Deed of Trust cannot be determined to be null and void because it is secured by the Property which is Plaintiff's principal residence and is not wholly unsecured.

17. Plaintiff is informed and believes and thereon alleges that Defendants dispute these contentions.

18. An actual controversy exists between Plaintiff and Defendants with regard to the validity, nature and extent of their interests in the Property.

19. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity, nature and extent of Defendants' interest in the Property.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court determine the nature and extent and validity of Defendants' interest in the real property located at <u>13021 Monroe Street, Garden Grove, CA 92841</u>;
2. That the Court determine that the amount of the lien secured by the Deed of Trust is zero;
3. That the Court determine that the claim owed to CHASE by Plaintiff is wholly unsecured;
4. That the Court determine that the Deed of Trust is null and void;
5. For attorney fees and costs of suit incurred herein; and,
6. For such other and further relief as the court deems just and proper.

### SECOND CLAIM FOR RELIEF
### [Declaratory Relief to Determine Status of CHASE Claim]
### [11 U.S.C. § 506 and F.R.B.P 7001]

20. Plaintiff reallege and incorporate the allegations contained in paragraphs 1 through 19, inclusive, as though set forth at length herein.

21. Plaintiff alleges that the lien evidenced by the Deed of Trust has no value since it is wholly unsecured, that CHASE's claim is not allowable as a secured claim, and that accordingly, the Deed of Trust is null and void.

22. Plaintiff is informed and believes that CHASE alleges that Deed of Trust cannot be determined to be null and void because it is secured by the Property which is Plaintiff's principal residence and is not wholly unsecured.

23. Plaintiff is informed and believes and thereon alleges that CHASE disputes these contentions.

24. An actual controversy exists between Plaintiff and CHASE with regard to the status of its claim as secured or unsecured.

25.    It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to whether CHASE's claim against Plaintiff shall be allowable as secured or unsecured.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court determine the nature and extent and validity of Defendants' interest in the real property located at <u>13021 Monroe Street, Garden Grove, CA 92841</u>;
2. That the Court determine that the amount of the lien secured by the Deed of Trust is zero;
3. That the Court determine that the claim owed to CHASE by Plaintiff is wholly unsecured;
4. That the Court determine that the Deed of Trust is null and void;
5. For costs of suit incurred herein; and,
6. For such other and further relief as the court deems just and proper.

### THIRD CLAIM FOR RELIEF
### [As to Defendant CHASE]
### [15 U.S.C. § 1641(g)]

26.    Plaintiff reallege and incorporate the allegations contained in paragraphs 1 through 25, inclusive, as though set forth at length herein.

27.    In May 2009, "The Helping Families Save Their Homes Act of 2009" was enacted into law that calls for notice to the consumer when a "mortgage loan" is transferred or assigned.  The provision was effective immediately and violations are subject to TILA liability.

28.    15 U.S.C. § 1641 was amended by adding at the end the following:

*"(g) NOTICE OF NEW CREDITOR.-*
*(1) IN GENERAL.- In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-*

*(A) the identity, address, telephone number of the new creditor;*
*(B) the date of transfer;*
*(C) how to reach an agent or party having authority to act on behalf of the new creditor;*
*(D) the location of the place where transfer of ownership of the debt is recorded; and*
*(E) any other relevant information regarding the new creditor.*

29. From the record, it appears that Onewest became the alleged new owner or assignee after May 2009.

30. To date, Plaintiffs have not received any notice as required by 15 U.S.C. § 1641(g).

WHEREFORE, Plaintiff prays for judgment against Defendant CHASE as follows:

1. Statutory damage in the amount of $4,000.00;
2. For attorney fee and costs of suit incurred herein; and
3. For such other and further relief as the court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**[CHASE; and all entities claiming ownership of the Promissory Note that secured by the Deed of Trust;**
**and DOES 1-100, Inclusive]**
**[QUIET TITLE]**

31. Plaintiff re-allege and incorporate the allegations contained in paragraphs 1 through 30, inclusive, as though set forth at length herein.

32. Plaintiff is the owner of the 13021 Monroe Street, Garden Grove, CA 92841, real property now held by the Plaintiff's estate.

33. The basis of Plaintiff's title is a deed granting the above-described property in fee simple to Plaintiff.

34. Plaintiff is informed and believe and on such information and belief allege that Defendants CHASE; and all entities claiming ownership of the Promissory Note that secured by the Deed of Trust; in the property described in the Complaint adverse to Plaintiff's title thereto, claim an interest adverse to Plaintiff in the above-described property as adverse interest the holder of a deed of trust

against the subject property. The deed of trust was recorded March 20, 2003, in the Orange County Recorder's Office as Document Number 20030000302472.

35.   Plaintiff is seeking to quiet title as of a date to be determined.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays for additional judgment as follows:

1. General damages in the sum of $1,000,000.00;
2. Special damages in the sum of $750,000.00;
3. For punitive damages in an amount appropriate to punish the Defendants and deter others from engaging in similar misconduct.
4. For attorney and costs; and
7. For attorney fees and costs of suit incurred herein; and,
8. For such other and further relief as the court deems just and proper.

DATED: 12/06/2010                                             Respectfully Submitted;

                                                              _____
                                                              Gary Harre, Esq.
                                                              Attorney for Debtor

I verify that the foregoing Adversary Complaint has been reviewed by me; and that the allegations therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Huntington Beach, California on  12-06- , 2010.

_____
Mitlton Quach

---
- 8 -
COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM